IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INTELLECTUAL VENTURES II LLC, a Limited Liability Company,<br><br>          Plaintiff,<br><br>     v.<br><br>FIRST NATIONAL BANK OF OMAHA,<br><br>          Defendant. | Case No. 8:13-cv-00167 |

**STIPULATED PROTECTIVE ORDER**

      This matter is before the Court on the parties' Motion for Entry of Protective Order (filing 43).  Having reviewed the matter, a Protective Order is entered as follows:

**Proceedings and Information Governed.**

      1.     This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a party as "Confidential," "Confidential—Outside Attorney Eyes Only," or "Restricted—Confidential Source Code" in accordance with the terms of this Order, as well as, to the extent allowed under the provisions of this order, any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

      2.     For purposes of this Protective Order, (a) the "Confidential" designation shall mean that the material is comprised of confidential trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential, (b) the "Confidential Outside Attorney Eyes Only" designation shall mean

that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, data security, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter, and (c) the "Restricted—Confidential Source Code" designation shall mean that the material contains a party's "Source Code," which shall mean documents containing confidential, proprietary and/or trade secret source code. Materials designated "Confidential," "Confidential Outside Attorney Eyes Only," or "Restricted—Confidential Source Code" are collectively referred to as "Protected Information." Protected Information does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential and disclosure of any such information shall not be a violation of this Order. Documents and materials marked in a manner similar to any designation of Protected Information shall be treated as "Confidential Outside Attorney Eyes Only," subject to any written agreement of the parties to otherwise designate the documents and materials in question. No party is required to include in a privilege log documents created after the filing of this case except as provided under N.D. California Patent Local Rule 3-7.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL OUTSIDE ATTORNEY EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(c) above shall be designated and produced in accordance with the provisions set forth in paragraph 4 below.

A party may designate information disclosed at a deposition as Confidential, Confidential Outside Attorney Eyes Only, or Restricted—Confidential Source Code, by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to

the court reporter, whether the transcript is to be designated as Confidential, Confidential Outside Attorneys Eyes Only, or Restricted—Confidential Source Code. If no such designation is made at the deposition or within such fourteen (14) calendar day period (during which period, the transcript shall be treated as Confidential Outside Attorneys Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Outside Attorneys Eyes Only Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

It is the responsibility of counsel for each party to maintain materials containing Confidential, Confidential Outside Attorneys Eyes Only, or Restricted—Confidential Source Code in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

4. Protected Information designated "Restricted—Confidential Source Code" shall be designated, reviewed, produced, used, and protected in accordance with the following provisions:

a. Source Code, to the extent any producing party agrees to provide any such information, shall ONLY be made available for inspection, not produced except as provided for below, and shall be made available in electronic format at one of the following locations chosen at the sole discretion of the producing party: (1) if producing party is Defendant – Kutak Rock's office in Omaha; and (2) if the producing party is Intellectual Ventures – Feinberg Day's Menlo Park, offices.  The parties may agree to alternative locations.  Source Code will be loaded on a single, non-networked computer that is password protected and maintained in a secure, locked area ("Source Code Computer"). Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, smartphone, etc.) is prohibited while accessing the Source Code Computer.  The Source Code Computer will be made available for inspection during regular business hours, upon reasonable notice to the producing party, which shall not be less than ten (10) business days in advance of the initial requested inspection, and not less than four (4) business days in advance of any requested inspection thereafter.

b. The receiving party's outside counsel and/or experts may request that commercially available licensed software tools for viewing and searching Source Code be installed on the Source Code Computer. The receiving party must provide the producing party with the CD or DVD containing such software tool(s) at least four (4) business days in advance of the inspection.

c. The receiving party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into these notes.  No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no

3

other written or electronic record of the Source Code is permitted except as otherwise provided herein.

  d. No person shall copy, email, transmit, upload, download, print, photograph or otherwise duplicate any portion of the Source Code, except that the receiving party may request a reasonable number of pages of Source Code to be printed by the producing party, but only if and to the extent necessary for use in this action. Within five (5) business days or such additional time as necessary due to volume requested, the producing party will provide the requested material on watermarked or colored paper bearing Bates numbers and, unless objected to as discussed below, the legend:

RESTRICTED CONFIDENTIAL—SOURCE CODE
SUBJECT TO PROTECTIVE ORDER

The printed pages shall constitute part of the Source Code produced by the producing party in this action. At the inspecting parties' request, up to two additional sets (or subsets) of printed Source Code may be requested and provided by the producing party in a timely fashion.

  e. If the producing party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within five (5) business days. If after meeting and conferring the producing party and the receiving party cannot resolve the objection (where such meet-and-confer need not take place in person), the receiving party may seek a Court resolution of whether the producing party should be required to produce the printed Source Code in question. Contested Source Code print outs need not be produced to the requesting party until the matter is finally resolved by the Court. Failure to object under this provision does not indicate that the producing party concedes the relevance of the printed Source Code to any issue and will not prejudice the producing party's right to raise any objection to the use of that printed Source Code.

  f. Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as "RESTRICTED CONFIDENTIAL—SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.

  g. Any paper copies designated "RESTRICTED CONFIDENTIAL—SOURCE CODE" shall be stored or viewed only at (1) the offices of outside counsel for the receiving party; (2) the offices of outside experts or consultants who have been approved to access Source Code; (3) the site where any deposition is taken; (4) the Court; or (5) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in a secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials. Source Code shall be considered export restricted and shall not leave the continental United States for any reason.

4

h.	A list of names of persons who will inspect the Source Code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection.  The producing party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The producing party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log.

i.	Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The producing party shall not be responsible for any items left in the room following each inspection session.

j.	The receiving party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment.  The receiving party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

k.	Only the following individuals shall have access to "RESTRICTED CONFIDENTIAL—SOURCE CODE" materials, absent the express written consent of the producing party or further court order:

(1)	Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms;

(2)	Up to nine (9) outside experts or consultants per party, pre-approved in accordance with Sections II.A–2.F and specifically identified as eligible to access Source Code;

(3)	The Court, any Special Master and/or technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action.  Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code.  If used during a deposition, the deposition record will identify the exhibit by its production numbers; and

(4)	While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the producing party or original source of the information; (ii) any person designated by the producing party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence.

l. The receiving party's outside counsel shall maintain a log of all copies of the Source Code (received from a producing party) that are delivered by the receiving party to any qualified person under Subparagraph k above. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the producing party, the receiving party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving party and/or qualified person that receives a copy of any portion of the Source Code;

m. Except as provided in this Subparagraph m, the receiving party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code). The receiving party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The receiving party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order. The receiving party shall maintain a log of all electronic images and paper copies of Source Code in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored. Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL—SOURCE CODE."

n. To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT, either: (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL—SOURCE CODE; or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL—SOURCE CODE.

o. All copies of any portion of the Source Code in whatever form shall be securely destroyed if they are no longer in use. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

p. The receiving party's outside counsel may only disclose a copy of the Source Code to individuals specified in Subparagraph k above (e.g., Source Code may not be disclosed to in-house counsel).

q. To the extent that any information designated "Confidential," "Confidential Outside Attorneys Eyes Only," or "Restricted—Confidential Source Code" is subject to United States export control, distribution review and handling of such information by and for the receiving party shall be fully and at all times compliant with International Traffic in Arms Regulation (*see* 22 U.S.C. § 2278 and Subchapter M of Title 22 of the CFR) and Export Administration Regulations (*see* 50 U.S.C. §§ 1701-1706, 2401-2420 and Subchapter C of Title 15 of the CFR).

**Inadvertent Failure to Designate.**

5. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The producing party shall immediately, upon discovery of the inadvertent failure to designate, notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. The information shall be treated by the receiving party as Protected Information from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations.**

6. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have fourteen (14) days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this fourteen (14) day time frame, and after the parties have met and conferred, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

7. Protected Information may only be used for purposes of preparation, trial and appeal of this action. Protected Information may not be used under any circumstances for prosecuting any patent application, for patent licensing or for any other purpose.

8. Subject to paragraph 10 below, Protected Information designated Confidential may be disclosed by the receiving party only to the following individuals provided that such individuals are subject to the terms of this Protective Order: (a) four (4) employees of the receiving party, or of suppliers, manufacturers, potential indemnitors, or indemnitors of the receiving party, who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) four (4) in-house counsel who are identified by the receiving party, and who may be employed by suppliers, manufacturers, potential indemnitors, and indemnitors of the receiving party; (c) outside counsel for the receiving party; (d) supporting

personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks and private photocopying services; (e) experts, consultants, or technical advisors; (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (g) those individuals designated in paragraph 12(c).

9. Subject to paragraph 10 below, Confidential Outside Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals provided that such individuals are subject to the terms of this Protective Order: (a) outside counsel for the receiving party; (b) supporting personnel employed by (a), such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) experts, consultants, or technical advisors; and (d) those individuals designated in paragraph 12(c).

10. Further, prior to disclosing Protected Information to a receiving party's proposed expert or consultant, the receiving party shall provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, any current and past consulting relationships in the industry, and any cases in which the expert or consultant has testified as an expert at trial or by deposition within the preceding five (5) years. The producing party shall thereafter have fourteen (14) days from receipt of the Confidentiality Agreement to object to any proposed individual. Such objection must be made for good cause and in writing, stating with particularity the reasons for objection. Failure to object within fourteen (14) days shall constitute approval. If the parties are unable to resolve any objection, the receiving party may apply to the Court to resolve the matter. There shall be no disclosure to any proposed individual during the fourteen (14) day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the Court has ruled upon any resultant motion.

11. Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

12. Protected Information designated Confidential or Confidential Outside Attorney Eyes Only may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be

8

made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

**Prosecution Bar.**

13.     Any employee or attorney for a receiving party who obtains, receives, or otherwise learns information designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION and/or RESTRICTED CONFIDENTIAL–SOURCE CODE  relating to a producing party's legacy, current or planned products (collectively, "HIGHLY CONFIDENTIAL INFORMATION") shall not prepare, prosecute, supervise, or assist in the preparation or prosecution (including interferences, re-examinations and other proceedings) of any patent or patent application pertaining to the patents-in-suit before any foreign or domestic agency, including the United States Patent and Trademark Office.  This prohibition on patent prosecution shall begin when access to such HIGHLY CONFIDENTIAL INFORMATION is first received by the affected individual, and shall end two years after the conclusion of this Action, including all appeals.  This prosecution bar is personal to the person obtaining, receiving, or learning of such HIGHLY CONFIDENTIAL INFORMATION and shall not be imputed to any other person or entity.  Notwithstanding the foregoing, this paragraph shall not prohibit any employee or attorney for a party from assisting in any re-examination or any other post-grant review proceeding relating to the patents-in-suit, any patents within the same patent family as a patent-in-suit, or any patents to which a patent-in-suit claims priority; provided, however, no such employee or attorney may use or rely upon HIGHLY CONFIDENTIAL INFORMATION or its knowledge thereof in connection with such re-examination or post-grant review proceeding.

**Non-Party Information.**

13.     The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things or testimony as Protected Information pursuant to this Protective Order.

**Filing Documents With the Court.**

14.     In the event that any party wishes to submit Protected Information to the Court, the party shall follow the procedures prescribed by the Court, including those identified in the Court's CM/ECF Civil and Criminal Administrative Procedures Manual and Users Guide.

**No Prejudice.**

15.     Producing or receiving Protected Information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Protected Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of

discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation.**

16. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents containing Protected Information, and to certify to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order. The obligations of this paragraph shall not extend to disaster recovery tapes to the extent information housed on such tapes is not accessible in the ordinary course of business. This paragraph shall not operate to terminate the effect of this Protective Order, and the provisions of this Protective Order shall continue to be binding after termination of this litigation (except with respect to those documents and information that become a matter of public record).

**Other Proceedings.**

17. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

18. It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

19. Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

**IT IS SO ORDERED.**                                **BY THE COURT:**


**Dated February 27, 2014.**                       **S/ F.A. Gossett**
                                                    **United States Magistrate Judge**

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

**CONFIDENTIALITY AGREEMENT FOR EXPERT**

1. My name is: _____.

2. I reside at: _____.

3. My present employer is: _____.

4. I hereby affirm that:

    - Information, including documents and things, designated as "Confidential," "Confidential Outside Attorney Eyes Only," or "Restricted—Confidential Source Code" (collectively, "Protected Information") as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

    - I have been given a copy of and have read the Protective Order.

    - I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

5. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

6. I agree not to use any Protected Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

7. I understand that I am to retain all Protected Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Protected Information are to be returned to counsel who provided me with such documents and materials.

8. In accordance with the provisions of the Protective Order (if applicable), I have attached my resume, curriculum vitae, or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history, my

    business affiliations, any current and past consulting relationships in the industry, and any cases in which the expert or consultant has testified as an expert at trial or by deposition within the preceding five years.

9. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


By: _____


Executed On: _____

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

    Information, including documents and things, designated as "Confidential," "Confidential Outside Attorney Eyes Only," or "Restricted—Confidential Source Code" (collectively, "Protected Information") as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

    I have been given a copy of and have read the Protective Order.

    I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

    I submit to the jurisdiction of this Court for enforcement of the Protective Order. I agree not to use any Protected Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


By: _____


Executed On: _____

13